BOSTON FIREFIGHTERS UNION, LOCAL 718 *v.*
BOSTON CHAPTER, NAACP, ET AL.

No. 82–185.   Argued April 18, 1983—Decided May 16, 1983*

*John F. McMahon* argued the cause for petitioners in Nos. 82–185 and 82–246 and filed briefs for petitioner in No. 82–185.   *Thomas A. Barnico*, Assistant Attorney General of Massachusetts, argued the cause *pro hac vice* for petitioners in No. 82–259.   With him on the briefs were *Francis X. Bellotti*, Attorney General, *Thomas R. Kiley*, First Assistant Attorney General, *E. Michael Sloman*, Assistant Attorney General, and *Marc S. Seigle*, Special Assistant Attorney General.   *Kevin P. Phillips* filed a brief for petitioner in No. 82–246.

*James S. Dittmar* argued the cause for respondents in all cases.   With him on the brief were *Judith Bernstein Tracy*, *Peggy A. Wiesenberg*, and *Gerald Gillerman.*†

---

*Together with No. 82–246, *Boston Police Patrolmen's Assn., Inc.* v. *Castro et al.*; and No. 82–259, *Beecher et al.* v. *Boston Chapter, NAACP, et al.*, also on certiorari to the same court.

†Briefs of *amici curiae* urging reversal were filed by *Solicitor General Lee, Assistant Attorney General Reynolds, Deputy Solicitor General Wallace, Deputy Assistant Attorney General Cooper, Carter G. Phillips, Brian K. Landsberg, Walter W. Barnett,* and *Dennis J. Dimsey* for the United States; by *Robert E. Williams, Douglas S. McDowell,* and *Daniel R. Levinson* for the Equal Employment Advisory Council; by *J. Albert*

478

PER CURIAM.

In these cases, the United States Court of Appeals for the First Circuit upheld the District Court's August 7, 1981, orders enjoining the Boston Police and Fire Departments from laying off policemen and firefighters in a manner that would reduce the percentage of minority officers below the level obtaining at the commencement of layoffs in July 1981.   679 F. 2d 965 (1982).   These orders had the effect of partially superseding the operation of the State's statutory last-hired, first-fired scheme for civil service layoffs, Mass. Gen. Laws Ann., ch. 31, § 39 (West 1979).   Following the Court of Appeals' decision, Massachusetts enacted legislation providing the city of Boston with new revenues, requiring reinstatement of all police and firefighters laid off during the reductions in force,

Woll, Michael H. Gottesman, Robert M. Weinberg, George H. Cohen, and Laurence Gold for the American Federation of Labor and Congress of Industrial Organizations et al.; by Edward J. Hickey, Jr., Michael S. Wolly, and Erick J. Genser for the International Association of Firefighters, AFL–CIO; by Robert A. Helman, Michele Odorizzi, Daniel M. Harris, Justin J. Finger, Jeffrey P. Sinensky, and Meyer Eisenberg for the Anti-Defamation League of B'nai B'rith; and by Daniel J. Popeo, Paul D. Kamenar, and Nicholas E. Calio for the Washington Legal Foundation.

Briefs of amici curiae urging affirmance were filed by J. Clay Smith, Jr., and Herbert O. Reid, Sr., for the National Bar Association, Inc., et al.; by O. Peter Sherwood, Clyde E. Murphy, and Barry L. Goldstein for the City of Detroit; by Joaquin G. Avila, Morris J. Baller, and Carmen A. Estrada for the League of United Latin American Citizens et al.; by Robert L. Harris and Eva Jefferson Paterson for the Officers For Justice et al.; by Judith I. Avner and Anne E. Simon for the National Organization for Women et al.; by Robert H. Chanin, Richard B. Sobol, and Michael B. Trister for the National Education Association; by E. Richard Larson, Burt Neuborne, and Paulette M. Caldwell for the National Black Association et al.; and by Robert Lipshutz, pro se, for Robert Lipshutz et al.

Briefs of amici curiae were filed by Ronald A. Zumbrun and John H. Findley for the Pacific Legal Foundation; by Jack Greenberg and Eric Schnapper for the NAACP Legal Defense and Educational Fund, Inc.; by Arthur Kinoy and Michael Ratner for the Affirmative Action Coordinating Center et al.; and by Walter S. Nussbaum and Donald J. Mooney, Jr., for the Detroit Police Officers Association.

securing these personnel against future layoffs for fiscal reasons, and requiring the maintenance of minimum staffing levels in the Police and Fire Departments through June 30, 1983. See 1982 Mass. Acts, ch. 190, §25. In light of these changed circumstances, we vacate the judgment of the Court of Appeals and remand for consideration of mootness in light of 1982 Mass. Acts, ch. 190, §25.

*It is so ordered.*

JUSTICE MARSHALL took no part in the consideration or decision of these cases.